## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1693 ABC (RZx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Cynthia McDaniel v. Orkin Exterminating Co., Inc. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     RE: MOTION FOR JURY TRIAL (In Chambers)

     Currently pending before the Court is Plaintiff's Motion for Jury Trial, filed August 8, 2008. Defendant filed its Opposition to the Motion on August 25, 2008, and Plaintiff filed her Reply on August 29, 2008. The Court finds the matter appropriate for resolution without oral argument and VACATES the September 8, 2008 hearing date. See Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons set forth below, the Court DENIES the Motion.

     On January 16, 2008, Plaintiff filed her original complaint in this action in Los Angeles Superior Court. On March 11, 2008, Defendant Orkin Exterminating Co. filed its answer in state court, then removed the case to this Court on March 12, 2008. Plaintiff does not claim to have made an express demand for a jury trial prior to removal. Accordingly, if California law required Plaintiff to make such an express demand, then she needed to make one in this Court within ten days after she was served with notice of the removal of her case. Fed. R. Civ. P. 81(c)(3); L.R. 38-3. She admits she did not comply with this deadline, but argues that California law does not require an express demand for a jury trial, invoking a 2002 amendment to the relevant section of the California Code of Civil Procedure ("CCP").

     Unfortunately for Plaintiff, however, her analysis of California law is incorrect. Current California law on this issue has not materially changed since the Ninth Circuit examined the question twenty-five years ago, in *Lewis v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983). In *Lewis*, the Circuit noted the CCP provides that "a litigant waives trial by jury by, *inter alia*, failing to 'announce that one is required' when the trial is set." *Id.* at 556 (quoting CCP §§ 631, 631.01). The court went on to hold that "[w]e understand this to mean that an 'express demand' is required." *Id.* Accordingly, Fed. R. Civ. P. 81(c) required that the plaintiff demand a jury trial within ten days of the filing of the last pleading on the issue to be so tried, here filed after removal of the case, but long before the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1693 ABC (RZx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Cynthia McDaniel v. Orkin Exterminating Co., Inc. | | |

made any demand for a jury trial. The *Lewis* plaintiff had not complied with this deadline, and so had waived his right to a jury. *Id.*

Plaintiff's argument that the 2002 amendment to CCP § 631 is dispositive here is not well-taken. That amendment added the following language to the statute: "The right to a trial by jury . . . shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d)." CCP § 631(d) currently states that "[a] party waives trial by jury in any of the following ways: . . . (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation." This language has remained virtually the same since 1915, and was the same language the Ninth Circuit interpreted in *Lewis* as signifying that California law does require an express demand for a jury. The 2002 amendment thus essentially means only that the right to a jury trial is inviolate, as long as the party who wants such a trial makes an express demand for one within the time set by the statute.

Thus, this Court reaches the same conclusion as the Southern District of California reached in *Wave House Belmont Park, LLC v. Travelers Property Casualty Co.*, 244 F.R.D. 608 (S.D. Cal. 2007). That is, that the 2002 amendment to CCP § 631 did not change the fact that California requires an "express demand" for a jury trial. *Id.* at 612. Since California requires an express demand, and Plaintiff did not make one prior to removal, she was required to make her demand in this Court within ten days after she was served with notice of the removal. Fed. R. Civ. P. 81(c)(3)(B)(ii). She did not do so, and has therefore waived her right to a jury trial. Her other arguments on this issue are without merit.

Plaintiff also argues that this Court should grant relief from any waiver of the jury trial right that may have occurred. However, the Court does not have such broad discretion under Fed. R. Civ. P. 39(b). The Ninth Circuit has held that the relief afforded by this rule is narrow, and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). The instant plaintiff's attempt "to distinguish between inadvertence and what [she] characterizes as a good faith mistake of law" is no more successful here than it was in *Pacific Fisheries*; as the Ninth Circuit noted in that case, "Counsel's reasons for his errors are of no consequence because they are still due to inadvertence or oversight." *Id.*

The fact that California judges may have greater discretion to overlook or excuse a waiver of the right to a jury trial than that afforded by the federal rules does not aid Plaintiff. Once in federal court, having failed to demand a jury trial as required, her request for relief from that failure is governed by Fed. R. Civ. P. 39(b), not the CCP. *Lewis*, 710 F.2d at 557. Plaintiff's attempt to rely on the Second Circuit case of *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975), is unavailing. The Ninth Circuit specifically rejected the reasoning of *Higgins* in *Lewis*, holding that the discretion available to district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1693 ABC (RZx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Cynthia McDaniel v. Orkin Exterminating Co., Inc. | | |

courts under Fed. R. Civ. P. 39(b) should not depend on whether or not a case was removed from state court.  *Lewis*, 710 F.2d at 557.  Therefore, as Plaintiff has waived her right to a jury trial, and provided no basis for relief from that waiver, her Motion for Jury Trial is hereby DENIED.

**IT IS SO ORDERED.**

 : 

Initials of Preparer     DA